UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL LOPEZ, | 1:09-cv-00252-LJO-BAK-SMS HC |
| Petitioner, | ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED |
| v. | FOR VIOLATION OF THE ONE-YEAR STATUTE OF LIMITATIONS (Doc. 1) |
| PEOPLE OF THE STATE OF CALIFORNIA, | ORDER REQUIRING RESPONSE TO BE FILED WITHIN THIRTY DAYS |
| Respondent. | |

**PROCEDURAL HISTORY**

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant federal petition for writ of habeas corpus was filed on January 29, 2009. (Doc. 1). A preliminary review of the Petition, however, reveals that the petition is be untimely and should therefore be dismissed.

**DISCUSSION**

A. Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

1

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond. 260 F.3d at 1041-42. This Order to Show Cause is intended to provide Petitioner with notice of the Court's intent to dismiss the petition as untimely absent a credible showing by Petitioner of circumstances establishing that the petition is timely.

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on January 29, 2009, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented

could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, the Petitioner was convicted on January 25, 1985 in the Fresno County Superior Court. Petitioner indicated in the form petition that the conviction was the result of a guilty plea and that he did not appeal his conviction or sentence. (Doc. 1, p. 2).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. The AEDPA, however, is silent on how the one year limitation period affects cases where direct review concluded *before* the enactment of the AEDPA. The Ninth Circuit has held that if a petitioner whose review ended before the enactment of the AEDPA filed a habeas corpus petition within one year of the AEDPA's enactment, the Court should not dismiss the petition pursuant to § 2244(d)(1). Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283,1286 (9th Cir.), *cert. denied*, 118 S.Ct. 899 (1998); Calderon v. United States Dist. Court (Kelly), 127 F.3d 782, 784 (9th Cir.), *cert. denied*, 118 S.Ct. 1395 (1998). In such circumstances, the limitations period would begin to run on April 25, 1996. Patterson v. Stewart, 2001 WL 575465 (9th Cir. Ariz.). Thus, the one-year period would end on April 25, 1997. As mentioned, the instant petition was filed on January 29, 2009, over twelve years *after* the one-year period would have expired. Thus, unless Petitioner is entitled to some form of either statutory or equitable tolling, the petition is untimely and should be dismissed.

C. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 361 (2000). An application is pending during the time that 'a California petitioner completes a full round of [state] collateral review," so long as there is no unreasonable

3

delay in the intervals between a lower court decision and the filing of a petition in a higher court. Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations omitted); see Evans v. Chavis, 546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold, 536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

Nevertheless, there are circumstances and periods of time when no statutory tolling is allowed. For example, no statutory tolling is allowed for the period of time between finality of an appeal and the filing of an application for post-conviction or other collateral review in state court, because no state court application is "pending" during that time. Nino, 183 F.3d at 1006-1007. Similarly, no statutory tolling is allowed for the period between finality of an appeal and the filing of a federal petition. Id. at 1007. In addition, the limitation period is not tolled during the time that a federal habeas petition is pending. Duncan v. Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002). Further, a petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing a state habeas petition. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001). Finally, a petitioner is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims. See Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

Here, Petitioner has filed documents with his petition indicating that he filed a habeas corpus petition in the California Supreme Court that was denied "for lack of sufficient facts and for lack of diligence" on November 30, 1994 in Case No. S043007. It is not clear from the petition whether that habeas petition challenged Petitioner's 1985 conviction and sentence or, if so, whether that petition exhausted the precise sentencing issue Petitioner is attempting to raise in this petition. However, even assuming, for the sake of argument, that it did, the state petition denied in 1994 does not entitled Petitioner to any statutory tolling.

A tolling provision has no applicability where the period to be tolled has not commenced.

See Hill v. Keane, 984 F.Supp. 157, 159 (E.D.N.Y. 1997), *abrogated on other grounds*, Bennett v. Artuz, 199 F.3d 116, 122 (2d Cir. 1999) (state collateral action filed before commencement of limitations period does not toll limitation period), *affirmed*, 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213. Although it may seem self-evident, a properly filed state petition cannot toll a limitation period that, as is the case here, has not even commenced to run. This is necessarily so because the period of pendency of the state petition, which defines the amount of tolling, and the period of the statute of limitation do not intersect or overlap at any point. Since the petition filed in the California Supreme Court was denied prior to the commencement of the one-year period on April 25, 1996, it had no tolling effect.

        Similarly, any petition filed after the one-year period has elapsed has no tolling implications for Petitioner either. A petitioner is not entitled to tolling where the limitations period has already run prior to filing a state habeas petition. Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); Jiminez v. Rice, 276 F.3d 478 (9th Cir. 2001); see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003)("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999) (petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of the one-year limitations period). Here, the limitations period expired on April 25, 1997. Although the documents filed by Petitioner indicate that he filed various state habeas proceedings after that date in the Court of Appeal, Fifth Appellate District ("5th DCA") and in the Fresno County Superior Court, none of those later-filed state petitions afford Petitioner any tolling benefits since the one-year period had already elapsed.

        Accordingly, it appears that the petition was filed over twelve years after the statutory period had expired. Unless Petitioner is entitled to some form of equitable tolling, the petition should be dismissed as untimely.

### D. Equitable Tolling

        The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time." Shannon v. Newland, 410 F.3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted). "When

external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted). As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at 1107.

Here, Petitioner makes no express claim of entitlement to equitable tolling. However, in his petition he does allege that all of his state transcripts were destroyed, that, as a native of Cuba, he does not speak or understand English well nor does he understand the law, and that his prison has been in "lockdown" status that has prevented him from using the prison law library. (Doc. 1, pp. 4-7).

Petitioner's claims of ignorance of the law and illiteracy are insufficient to justify equitable tolling. See, e.g., Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir.1986) (pro se prisoner's illiteracy and lack of knowledge of law unfortunate but insufficient to establish cause); Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999); Rose v. Dole, 945 F.2d 1331, 1335 (6th Cir.1991).

Moreover, unpredictable lockdowns or library closures do not constitute extraordinary circumstances warranting equitable tolling in this case. See, United States v. Van Poyck, 980 F.Supp. 1108, 1111 (C.D.Cal.1997) (inability to secure copies of transcripts from court reporters and lockdowns at prison lasting several days and allegedly eliminating access to law library were not extraordinary circumstances and did not equitably toll one-year statute of limitations); Atkins v. Harris, 1999 WL 13719, *2 (N.D.Cal. Jan.7, 1999) ("lockdowns, restricted library access and transfers do not constitute extraordinary circumstances sufficient to equitably toll the [AEDPA] statute of limitations. Prisoners familiar with the routine restrictions of prison life must take such matters into account when calculating when to file a federal [habeas] petition.... Petitioner's alleged

6

lack of legal sophistication also does not excuse the delay."); Giraldes v. Ramirez-Palmer, 1998 WL 775085, *2 (N. D.Cal.1998) (holding that prison lockdowns do not constitute extraordinary circumstances warranting equitable tolling). Petitioner's indigent status and limited legal knowledge is no different than the majority of incarcerated prisoners attempting to file petitions for writ of habeas corpus. Such circumstances are not extraordinary and do not justify equitable tolling. If limited resources and legal knowledge were an excuse for not complying with the limitations period Congress would have never enacted the AEDPA since most incarcerated prisoners have these same problems. Thus, the limitations period will not be equitably tolled.

Finally, a petitioner's lack of facility with the English language is not an extraordinary circumstance entitling him to equitable tolling. Nguyen v. Mervau, 1998 WL 556628, *2 (N.D.Cal. Aug.24, 1998) (equitable tolling not justified based on "lack of fluency in the English language and his alleged inability to find a jailhouse lawyer" where petitioner filed petition over six years after conviction became final and raised same claims as on direct appeal). Here, Petitioner has apparently acquired sufficient English language skills to file numerous pleadings with the state and federal courts. Indeed, he has previously filed both a federal habeas petition and a federal civil rights complaint with this Court, both of which were dismissed. (Doc. 1, p. 10; p. 26). While lack of facility with English would undoubtedly place an additional burden on a petitioner to file his federal petition within the AEDPA's one-year period, in this case Petitioner filed his petition twelve years after the period had expired. It is difficult to conceive how any of the aforementioned issues, either separately or in combination, could justify such an egregious delay.[1]

Pursuant to the Ninth Circuit's mandate, the Court will afford Petitioner thirty days in which to file a response to this Order to Show Cause. In that response, Petitioner must present information sufficient to establish that the Petition was timely filed. If Petitioner fails to make such a showing, the Court will issue Findings and Recommendations to dismiss the petition as untimely under the AEDPA.

---

[1] To the contrary, it appears that such a lengthy delay establishes Petitioner's total lack of diligence. Equitable tolling applies only where prisoner has diligently pursued claims, but has in some "extraordinary way" been prevented from asserting his rights. A petitioner who fails to act diligently cannot invoke equitable principles to excuse his lack of diligence. See, Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151 (1984); see, also, Miles, 187 F.3d at 1107.

# **ORDER**

Accordingly, the Court HEREBY ORDERS:

1. Petitioner is ORDERED TO SHOW CAUSE within thirty (30) days of the date of service of this Order why the Petition should not be dismissed for violation of the one-year statute of limitations in 28 U.S.C. § 2244(d).

Petitioner is forewarned that his failure to comply with this order may result in a Recommendation that the Petition be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:   May 1, 2009**                             /s/ Sandra M. Snyder
                                                    UNITED STATES MAGISTRATE JUDGE